Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the circuit court, rendering judgment of restitution on the trial of a traverse taken to the inquest of a jury had before a justice of the peace, upon a warrant for forcible detainer, which issued at the instance of the appellees.
The appellees asserted their right to restitution under *205 Weathers Smith, deceased; and after proving that the appellee. Mistress Foster, was heiress of the decedent, Smith, and that the appellant obtained the possession of the premises under a lease from Sharp and Harbeson, who leased the same from the decedent, Smith, and that he refused to restore the possession; the appellant moved the court to instruct the jury, that the appellees, as heirs without having reduced the premises to actual possession, could not maintain a writ of forcible detainer. The court, however, overruled the motion, and exceptions were taken to its decision.
An heir may maintain a warrant of forcible detainer against the tenant of his ancestor who holds over without first reducing the premises to actual possession.
Bibb for appellant, Hardin for appellee.
That the court decided correctly, we entertain no doubt. That the decedent, if living, might, upon the expiration of his lease to Sharp and Harbison, and the refusal of Turly to deliver the possession, maintain a warrant for forcible detainer, is a proposition which admits of no controversy; and if so, under the act regulating such proceedings, his heirs must be entitled to the same remedy. Turly, by entering as the tenant of Sharp and Harbison, must be considered as the tenant of the decedent, Smith, from whom they had previously obtained a lease; and being the tenant of the decedent, according to the most obvious import of the act, he must, in relation to the proceeding for a forcible detainer, be construed to be the tenant of those deriving titles under the decedent.
The refusal of Turly, therefore, to restore the premises, after the expiration of the lease of Smith, must be construed a forcible detainer, for which the appellees properly resorted to their remedy by warrant from a justice
Various other objections are taken by the assignment of errors to the proceedings, but as such of them as have not heretofore been held untenable by this court, appear to have been taken upon a misconception of the record, we have deemed it unnecessary more particularly to notice them.
The judgment must be affirmed with cost.